## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| **TERRY POSEY d/b/a** | ) | |
| **POSEY GUN AND PAWN** | ) | |
| | ) | |
| Plaintiff | ) | Jury Demand |
| | ) | |
| v. | ) | **Civil No:** |
| | ) | |
| **MERRICK GARLAND,** | ) | |
| **Attorney General of the United States;** | ) | |
| **UNITED STATES DEPARTMENT OF** | ) | |
| **JUSTICE; and THE BUREAU OF** | ) | |
| **ALCOHOL, TOBACCO,** | ) | |
| **FIREARMS AND EXPLOSIVES** | ) | |
| | ) | |
| Defendants. | ) | |

### COMPLAINT

Plaintiff Terry Posey d/b/a Posey Gun and Pawn files this complaint for de novo judicial review against Defendants Merrick Garland in his capacity as the Attorney General of the United States of America, the United States Department of Justice and the Bureau of Alcohol, Tobacco, Firearms and Explosives (collectively "the Attorney General" and/or the "Government") for relief pursuant to 18 U.S.C. § 923(f) relative to de novo judicial review of agency licensure determinations.

### Jurisdiction

1.  Mr. Posey files this complaint pursuant to 18 U.S.C. § 923(f)(3) for de novo judicial review of the Attorney General's final notice of revocation of his federal firearms license.

2.  Venue is proper in this district pursuant to 18 U.S.C. § 923(f) since the Plaintiff's principal place of business is in this district.

## Parties

3. Plaintiff Terry Posey is the owner of Posey Gun and Pawn which has its principal place of business located in this district at 2524 Keith Street, Suite 4, Cleveland, Tennessee 37312.

4. Defendants are Merrick Garland, in his capacity as the Attorney General of United States of America, the United States Department of Justice, and the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF").

## Factual Background

5. Terry Posey has been a licensed firearms dealer since 2011. He owns and operates Posey Gun and Pawn, a premium sporting goods retailer, in Cleveland, Tennessee. In addition to guns, the store sells hunting and camping supplies and offers safety and training courses.

6. Mr. Posey has been able to sell guns to members of the local community as a federal firearms licensee under license number 1-62-011-02-3B-05028 (the "License").

7. The License authorizes Posey Gun and Pawn to engage in business as a dealer in firearms other than destructive devices. As a federal firearms licensee, Mr. Posey and his business are subject to regulation by the ATF.

8. Generally, the Gun Control Act of 1968, as amended, requires federal firearms licensees to keep records of their acquisition of firearms and records concerning the disposition of firearms.

9. The Act also requires that licensees keep records of firearms transactions. These firearms transaction records are commonly referred to as ATF Form 4473.

10. ATF Form 4473 is retained by the licensee. It is not filed with the ATF. The form, which changes frequently at the hands of the ATF, includes instances where identical and duplicate information is needlessly requested and is not expressly authorized by statute.

**11.** The ATF frequently revises Form 4473, wherein it has moved information fields around on these forms, had multiple similar forms, materially expanded the forms and required that identical information be entered in multiple locations.

**12.** In 2017, the ATF inspected Mr. Posey's business and found a handful of violations. Mr. Posey and employee Chase Sneed attended a conference with ATF wherein they reviewed the violations and promptly undertook corrective actions.

**13.** None of these violations were found by the ATF to be willful.

**14.** ATF conducted another inspection on December 10, 2019 and again found a handful of violations such as failure to properly fill out the ATF's Form 4473.

**15.** Two and one-half years after this inspection, the ATF issued a notice to revoke or suspend Mr. Posey's license. Mr. Posey timely requested a hearing.

**16.** On October 27, 2022, Mr. Posey and counsel attended this hearing at the ATF's Chattanooga Field Office. The hearing was conducted by ATF Director of Industry Operations ("DIO") Steven Kolb. ATF Industry Operations Investigator ("IOI") Kevin Levesque appeared as a witness.

**17.** At the October 27, 2022 hearing, the following violations were alleged:

    **a.** One occasion of willfully selling or delivering a firearm other than a shotgun or rifle to a person who Licensee knew or had reasonable cause to believe was less than twenty-one years of age;

    **b.** One occasion of knowingly and willfully transferring a firearm to a person not licensed under the Act after failing to comply with the procedures applicable to conducting a national instant criminal background check;

  **c.** Eleven occasions of willfully failing to timely and/or accurately report the sale or other disposition of two or more pistols and/or revolvers during any five consecutive business days to an unlicensed person; and

  **d.** Four occasions of willfully making a false statement or representation with respect to information required by the Act.

18. Each finding was incorrect because in each case the ATF failed to show that Mr. Posey in any way acted willfully, which is required by law to revoke a federal firearms license. *See* 18 U.S.C. § 924(a).

19. In the first instance described in paragraph 17a, IOI Levesque identified errors on the Form 4473, and DIO Kolb stated that this was enough to show Mr. Posey willfully violated the law.

20. In actuality, Mr. Posey testified that he did not know that the particular firearm was one that could not be transferred to someone under twenty-one, and he made an honest mistake.

21. An honest mistake does not qualify as willfully violating the law, which is required to revoke a federal firearms license.

22. In the second instance described in paragraph 17b, a firearm was transferred to a person who was not allowed to possess it. IOI Levesque alleged this was willful because the firearm was transferred before a background check was completed.

23. In fact, Mr. Posey testified that the transfer was an oversight on his part, that he had personally known the transferee for multiple years, and that he was unaware the transferee would have his background check flagged.

24. Mr. Posey testified that when he learned of the issue, he immediately took steps to remedy the problem, and the firearm was returned the same day.

25. A negligent oversight, coupled with a clear intent to immediately remedy the problem, does not qualify as willfully violating the law, which is required to revoke a federal firearms license.

26. In the third instances described in paragraph 17c, IOI Levesque testified that Mr. Posey had failed to timely file forms upon the completion of certain transfers.

27. IOI Levesque offered no evidence that any of these violations were willful other than that Mr. Posey "was aware of the requirements in the regulation."

28. Being aware of the requirements does not qualify as willfully violating the law, which is required to revoke a federal firearms license. Under federal precedent, a showing of willfulness requires proof "that the defendant acted with knowledge that his conduct was unlawful." *Bryan v. United States*, 524 U.S. 184, 192 (1998).

29. In the fourth instances described in paragraph 17d, IOI Levesque alleged that Mr. Posey purposefully altered forms that he submitted to the ATF.

30. To the contrary, Mr. Posey testified that these forms were filled out by an employee and without Mr. Posey's knowledge. That employee no longer works for Posey Gun and Pawn.

31. Actions taken by another without one's knowledge, coupled with a clear intent to remedy the problem by firing the employee, does not qualify as willfully violating the law, which is required to revoke a federal firearms license.

32. In each case, DIO Kolb relied on conclusory statements and a lack of evidence to establish Mr. Posey willfully violated the Act.

33. These findings were erroneous, arbitrary and capricious, and an abuse of discretion.

**WHEREFORE**, Mr. Posey prays that this Honorable Court grant his complaint and enter an order:

1. Determining that the defendants were not authorized to revoke the License;

**2.** Determining that the revocation in this instance was an arbitrary and capricious abuse of discretion;

**3.** Directing the ATF to take such action as necessary to comply with the Court's judgment including reinstating Mr. Posey's firearms license;

**4.** Awarding Mr. Posey his fees and expenses in these proceedings pursuant to applicable federal law;

**5.** Awarding any additional or alternative relief, which this Court deems appropriate and just; and

**6.** That those issues which are triable to a jury be tried to a jury.

Respectfully submitted:

/s/ D. Mitchell Bryant
D. Mitchell Bryant, BPR#: 012581

/s/ Matthew Rogers
Matthew Rogers, BPR#: 027500

Attorneys for Plaintiff
313 West Madison Avenue
Athens, TN 37303
(423) 744-8730 [Phone]
info@dmitchellbryant.com