**U.S. Department of Justice**
Bureau of Alcohol, Tobacco, Firearms and Explosives

**Final Notice of Denial of Application, Revocation Suspension and/or Fine of Firearms License**

In the matter of:

☐ The application for license as a/an _____, filed by:

or

☑ License Number 1-62-011-02-3B-05028 _____ as a/an

Dealer in Firearms, Including Pawnbroker, Other than Destructive Devices _____, issued to:

Name and Address of Applicant or Licensee *(Show number, street, city, state and Zip Code)*
Terry Steven Posey
DBA Posey Gun and Pawn
2524 Keith Street, Suite 4
Cleveland, TN 37312

Notice is Hereby Given That:

☐ A request for hearing pursuant to 18 U.S.C. § 923(f)(2) and/or 922(t)(5) was not timely filed. Based on the findings set forth in the attached document, your

    ☐ license described above is revoked pursuant to 18 U.S.C., 923(e), 922(t)(5) or 924(p), effective:

        ☐ 15 calendar days after receipt of this notice, or ☐ _____ ,

    ☐ license is suspended for _____ calendar days, effective _____, pursuant to 18 U.S.C. § 922(t)(5) or 924(p)

    ☐ licensee is fined $ _____ , payment due: _____, pursuant to 18 U.S.C. § 922(t)(5) or 924(p)

☑ After due consideration following a hearing held pursuant to 18 U.S.C. § 923(f)(2) and/or 922(t)(5), and on the basis of findings set out in the attached copy of the findings and conclusions, the Director or his/her designee concludes that your

    ☐ application for license described above is denied, pursuant to 18 U.S.C., 923(d).

    ☐ application for renewal of license described above is denied pursuant to 18 U.S.C. 923(d), effective:

        ☐ 15 calendar days after receipt of this notice, or ☐ _____

    ☑ license described above is revoked pursuant to 18 U.S.C., 923(e), 922(t)(5) or 924(p), effective:

        ☑ 15 calendar days after receipt of this notice, or ☐ _____

    ☐ license is suspended for _____ calendar days, effective _____, pursuant to 18 U.S.C. § 922(t)(5) or 924(p)

    ☐ licensee is fined $ _____ , payment due: _____, pursuant to 18 U.S.C. § 922(t)(5) or 924(p)

If, after the hearing and receipt of these findings, you are dissatisfied with this action you may, within 60 days after receipt of this notice, file a petition pursuant 18 U.S.C. § 923(f)(3), for judicial review with the U.S. District Court for the district in which you reside or have your principal place of business. If you intend to continue operations after the effective date of this action while you pursue filing for judicial review or otherwise, you must request a stay of the action from the Director of Industry Operations (DIO), Bureau of Alcohol, Tobacco, Firearms and Explosives, at 302 Innovation Drive, Suite 300, Franklin, TN 37067

prior to the effective date of the action set forth above. You may not continue licensed operations unless and until a stay is granted by the DIO.

Records prescribed under 27 CFR Part 478 for the license described above shall either be delivered to ATF within 30 days of the date the business is required to be discontinued or shall be documented to reflect delivery to a successor. See 18 U.S.C. 923(g)(4) and 27 CFR § 478.127.

After the effective date of a license denial of renewal, revocation, or suspension, you may not lawfully engage in the business of dealing in firearms. Any disposition of your firearms business inventory must comply with all applicable laws and regulations. Your local ATF office is able to assist you in understanding and implementing the options available to lawfully dispose of your firearms business inventory.

ATF Form 5300.13
Revised September 2014

| Date | Name and Title of Bureau of Alcohol, Tobacco, Firearms and Explosives Official | Signature |
|---|---|---|
| 01/06/2023 | Steven A. Kolb, Director, Industry Operations | |

I certify that, on the date below, I served the above notice on the person identified below by:

☑ Certified mail to the address shown below.
Tracking Number: 7015 3010 0000 5842 4734

**Or**

☐ Delivering a copy of the notice to the address shown below.

| Date Notice Served | Title of Person Serving Notice | Signature of Person Serving Notice |
|---|---|---|
| 01/06/2023 | Executive Assistant | |

| Print Name and Title of Person Served | Signature of Person Served |
|---|---|
| Matthew Rogers, Esq. | |

Address Where Notice Served
1426 Highway 30 East, Athens, TN 37303

Note: Previous Edition is Obsolete

ATF Form 5300.13
Revised September 2014

## Background

Terry Steven Posey doing business as Posey Gun and Pawn, located at 2524 Keith Street Suite 4, Cleveland, Tennessee 37312 (Licensee), holds Federal firearms license number 1-62-011-02-3B-05028, as a dealer, including pawnbroker, in firearms other than destructive devices issued by the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) pursuant to the Gun Control Act of 1968 (GCA), as amended, 18 U.S.C. Chapter 44, and the regulations issued thereunder, 27 C.F.R. Part 478.

On December 10, 2019, ATF began a compliance inspection at Licensee's premises. As a result of that inspection, on June 30, 2022, ATF issued a Notice to Revoke or Suspend License and/ or Impose a Civil Fine, ATF Form 4500, to Licensee. By letter dated July 7, 2022, Licensee timely requested a hearing to review that Notice.

The hearing was held on October 27, 2022, at the ATF Field Office in Chattanooga, Tennessee. The hearing was conducted by ATF Director of Industry Operations (DIO) Steven Kolb. ATF was represented by ATF Attorney Jennifer Crim. ATF Industry Operations Investigator (IOI) Kevin Levesque appeared as a witness on behalf of the Government. Licensee was represented by Attorney Matthew Rogers. Licensee's owner and responsible person Terry Posey appeared as a witness on behalf of Licensee. The hearing was recorded and transcribed by the Government through a court reporter service. Both sides offered testimony and exhibits. The testimony, transcript, and exhibits introduced at the hearing constitute the complete administrative record in this proceeding.

## Findings of Fact

Having reviewed the record in this proceeding, I make the following findings:

1. Terry Posey, Chase Sneed, and Amy Posey serve as responsible persons on the current Federal firearms license.

2. ATF first issued the current Federal firearms license to Licensee in 2011.

3. In 2017, ATF initiated a compliance inspection of Licensee's business premises. The compliance inspection resulted in the issuance of a Report of Violations, which identified 13 regulatory violations, including the failure to initiate a new National Instant Criminal Background Check System (NICS) check after the 30-day lapse of the initial check in violation of 27 C.F.R. § 478.102, the transfer of a firearm to a person knowing or having reasonable cause to believe the person was prohibited in violation of 27 C.F.R. § 478.99(c)(9), multiple instances of the failure to complete and submit multiple sales forms in violation of 27 C.F.R. § 478.126a, and multiple instances of the failure to properly complete ATF Form 4473. As part of that inspection, the ATF IOI also reviewed relevant Federal firearms laws with Licensee. Among the items covered by the IOI were the requirements related to prohibited sales and deliveries, NICS requirements, multiple sales, and ATF Form 4473. Licensee signed an Acknowledgment of Federal Firearms Regulations form indicating that ATF explained the information listed on the form related

to the firearms law and regulations. (See Government Exhibit 9).

4. As a result of the 2017 inspection, responsible persons Terry Posey and Chase Sneed attended a warning conference with ATF in which violations and proposed corrective actions were reviewed. Following the warning conference, ATF sent a letter stating "any future violations, either repeat or otherwise, could be viewed as willful and may result in revocation of his license." (See Government Exhibit 9).

5. On December 10, 2019, ATF initiated a compliance inspection of Licensee's business premises. The compliance inspection resulted in the issuance of a Report of Violations, which identified 13 regulatory violations with multiple instances of many of the violations. Four of those regulatory violations were included in the Notice of Revocation issued to Terry Steven Posey doing business as Posey Gun and Pawn. After presiding over the hearing and reviewing the record in this matter, I find that the facts set forth in the Notice of Revocation occurred.

6. The evidence in the record establishes that Licensee committed the following willful violations:

   a. On one occasion, Licensee willfully sold or delivered a firearm other than a shotgun or rifle to a person who Licensee knew or had reasonable cause to believe was less than twenty-one years of age, in violation of 18 U.S.C. § 922(b)(1) and 27 C.F.R. 478.99(b)(1).

This violation was established by the admitted exhibits and hearing testimony. IOI Levesque identified documentary evidence showing that Licensee willfully failed to comply with 18 U.S.C. § 922(b)(1) and 27 C.F.R. 478.99(b)(1) on one occasion. Specifically, Licensee transferred a firearm other than a rifle or shotgun to the following person on the following date, knowing or having reasonable cause to believe that the person was less than twenty-one years of age:

| Transferee's Name | Date |
|---|---|
|  | 11/26/2019 |

IOI Levesque identified documentary evidence showing that Licensee willfully transferred a firearm other than a rifle or a shotgun to          , who was under twenty-one years of age. Licensee noted in Box 16 of the ATF Form 4473 the type of firearm as being "other firearm," indicating that the firearm was not a rifle or shotgun. The documentary evidence attached to the ATF Form 4473 by Licensee also indicated that          presented an identification from the state of Tennessee showing his date of birth and indicating that he was less than twenty-one years of age. Further, Licensee noted          's correct date of birth in Box 7 of the ATF Form 4473. Due to the Licensee's notations on the ATF Form 4473 and          's presentation of an identification from the state of Tennessee showing his date of birth indicating that he was less than twenty-one years of age, the evidence indicated that Licensee willfully transferred a firearm other than a rifle or shotgun to          knowing or having reasonable cause to believe that          was less

than twenty-one years of age.

IOI Levesque's testimony established that Licensee's failure to comply with the requirements related to 18 U.S.C. § 922(b)(1) and 27 C.F.R. 478.99(b)(1) was willful because Licensee checked the box on the ATF Form 4473 indicating the firearm was not a rifle or shotgun, was presented with an identification from the state of Tennessee indicating that           was less than twenty-one years of age, and noted           's date of birth on the ATF Form 4473. IOI Levesque testified that these facts indicated Licensee either did not pay attention or knew that the           was under the age of twenty-one at the time the firearm was transferred. During a previous inspection, Licensee acknowledged the applicable Federal firearms regulations for licensees, including 27 C.F.R. § 478.99 (See Government Exhibit 9). IOI Levesque testified that compliance with the regulation is important because a person under the age of twenty-one is not permitted to purchase a firearm other than a rifle or shotgun from a licensee. During the hearing, Licensee stated that the firearm in question was a lower receiver and he did not know it could not be transferred to a person under the age of twenty-one.

    b. On one occasion, Licensee knowingly and willfully transferred a firearm to a person not licensed under the GCA after failing to comply with the procedures applicable to conducting a national instant criminal background check in violation of 18 U.S.C. § 922(t)(5) and 27 C.F.R. § 478.102(a). At the time of the proposed transfer the system was operational and such background check would have demonstrated that receipt of the firearm by the transferee would violate either 18 U.S.C. § 922(g) or 18 U.S.C. § 922(n). Per each occasion, Licensee may be revoked, suspended up to 6 months and/or fined up to $9,491 in accordance with 18 U.S.C. § 922(t)(5) and 27 C.F.R. § 478.73.

This violation was established by the admitted exhibits and hearing testimony. IOI Levesque identified documentary evidence showing that Licensee willfully failed to comply with 18 U.S.C. § 922(t) and 27 C.F.R. § 478.102 on one occasion. Specifically, Licensee transferred a firearm to the following unlicensed person on the following date, while failing to comply with the procedures related to a NICS check or Tennessee Instant Background Check System (TICS) check:

| Transferee's Name | Date |
|---|---|
|  | 04/09/2021 |

Licensee transferred a firearm to an unlicensed person,           , who was denied by TICS from purchasing a firearm as a person involuntarily committed or adjudicated as a mental defective under 18 U.S.C. § 922(g)(4). IOI Levesque testified that the background check system was operational at the time of the transfer of the firearm to           , and TICS notified Licensee the transfer was being denied based on 18 U.S.C. § 922(g)(4) within minutes of the background check being initiated by Licensee. Licensee failed to wait on a response from TICS and instead transferred the firearm to           while the

background check was still in a "pending" status. Licensee's actions of failing to wait on a response from TICS and failing to comply with the procedures related to background checks, resulted in the unlawful transfer of a firearm to           .

On April 9, 2021, after Licensee transferred the firearm to           , the Tennessee Bureau of Investigation (TBI), which runs TICS, flagged the transaction due to the mental health issues of           and notified the Cleveland Police Department. The Cleveland Police Department responded to the business location of Licensee and spoke with owner and responsible person Mr. Posey, who stated that           had already left the location with the firearm. Mr. Posey contacted           and asked him to return the firearm to the business location. The Cleveland Police Department was present at the scene to confirm that           returned the firearm, and they documented the return of the firearm in a police report.

IOI Levesque's testimony established that Licensee's failure to comply with the requirements related to 18 U.S.C. § 922(t) and 27 C.F.R. § 478.102 was willful because Licensee was aware of the requirements in the law and regulations. During a previous inspection, Licensee acknowledged the applicable Federal firearms regulations for licensees, including background check requirements and 27 C.F.R. § 478.102. (See Government Exhibit 9). Further, Licensee was previously cited with violating 27 C.F.R. § 478.102 during the 2017 compliance inspection. Licensee attended a warning conference with ATF in which violations and proposed corrective actions were reviewed. Following the warning conference, ATF sent a letter stating "any future violations, either repeat or otherwise, could be viewed as willful and may result in revocation of his license." (See Government Exhibit 9). IOI Levesque testified that the requirement to conduct background checks in compliance with 18 U.S.C. § 922(t) and 27 C.F.R. § 478.102 is very important because it prevents firearms from falling into the wrong hands.

When asked about this violation, Mr. Posey stated, "it was an oversight on my part" and the TICS background check code was "only showing as pending on my side." Mr. Posey told IOI Levesque that he personally knew           as a tenant of his for more than five years but did not know the transfer of a firearm to           would be denied by TICS. Mr. Posey stated he did not realize there was a problem until the police showed up. Mr. Posey's statements demonstrate that he purposefully disregarded and/ or was plainly indifferent to the requirements in the law and regulation related to background checks because he was personally familiar with           .

c. On 11 occasions, Licensee willfully failed to timely and/or accurately report the sale or other disposition of two or more pistols and/or revolvers during any five consecutive business days to an unlicensed person, in violation of 18 U.S.C. § 923(g)(3)(A) and 27 C.F.R. § 478.126a. See Appendix ¶ 3.

This violation was established by the admitted exhibits and hearing testimony. IOI Levesque identified documentary evidence showing that Licensee willfully failed to comply with 27 C.F.R. § 478.126a on 11 occasions. The regulation requires that a report of multiple sales, ATF Form 3310.4, be submitted to ATF and the local law enforcement

agency in which the sale took place no later than the close of business on the day the multiple sale occurred. The regulation also requires Licensee to retain one copy of the ATF Form 3310.4 and attach it to the ATF Form 4473. Licensee failed to timely report the multiple sales of pistols and revolvers to the following 11 unlicensed persons on the following dates:

| Transferee's Name | Date |
|---|---|
| | 02/05/2019 |
| | 08/09/2019 |
| | 08/09/2019 |
| | 08/28/2019 |
| | 09/13/2019 |
| | 09/13/2019 |
| | 09/21/2019 |
| | 09/23/2019 |
| | 09/25/2019 |
| | 10/19/2019 |
| | 11/21/2019 |

IOI Levesque's testimony established that Licensee's failures to comply with 27 C.F.R. § 478.126a were willful because Licensee was aware of the requirements in the regulation. During previous inspections, Licensee acknowledged the applicable federal firearms regulations for licensees, including 27 C.F.R. § 478.126a. (See Government Exhibit 9). Further, Licensee was previously cited with violating 27 C.F.R. § 478.126a during the 2017 compliance inspection. (See Government Exhibit 9). As set forth above, Licensee attended a warning conference during which violations and proposed corrective actions were reviewed. Following the warning conference, ATF sent a letter stating "any future violations, either repeat or otherwise, could be viewed as willful and may result in revocation of his license." (See Government Exhibit 9). IOI Levesque testified that compliance with 27 C.F.R. § 478.126a is important because ATF utilizes multiple sales reports to investigate firearms trafficking. Licensee failed to offer any explanation for this violation other than to just say there were issues with the fax machine.

    d. On four occasions, Licensee willfully made a false statement or representation with respect to information required by the GCA, in violation of 18 U.S.C. § 922(m) and 27 C.F.R. § 478.128(c). See Appendix ¶ 4.

This violation was established by the admitted exhibits and hearing testimony. IOI Levesque identified documentary evidence showing that Licensee willfully failed to comply with 18 U.S.C. § 922(m) and 27 C.F.R. § 478.128(c) on four occasions. The evidence demonstrated that Licensee willfully made a false statement or representation with respect to information required by the GCA to the following transferees on the following dates:

| Transferee's Name | Date | Discrepancy |
|---|---|---|
| Unknown (Falsely identified as      ,      ) | Unknown (Falsely identified as 07/12/19) | False statement and/ or representation related to ATF Form 4473: Glock, 40, 10, Pistol, BLME198 |
| Unknown (Falsely identified as      ,      ) | Unknown (Falsely identified as 07/12/19) | False statement and/ or representation related to ATF Form 4473: Glock, 19, 9, Pistol, BHNW535 |
| Unknown (Falsely identified as      ,      ) | Unknown (Falsely identified as 07/12/19) | False statement and/ or representation related to ATF Form 3310.4: Glock, 40, 10, Pistol, BLME198 |
| Unknown (Falsely identified as      ,      ) | Unknown (Falsely identified as 07/12/19) | False statement and/ or representation related to ATF Form 3310.4: Glock, 19, 9, Pistol, BHNW535 |

During the hearing, IOI Levesque explained that he discovered the above-referenced firearms (Glock pistols serial numbers BHNW535 and BLME198) were missing from Licensee's inventory during his compliance inspection. When IOI Levesque asked Licensee what happened to these two firearms, Licensee provided him with an ATF Form 4473 and an ATF Form 3310.4 to account for these missing firearms. The ATF Form 4473 and ATF Form 3310.4 indicated the firearms were transferred to an individual named           . When IOI Levesque examined the ATF Form 4473 provided by Licensee, he noticed that it appeared someone had written over the number listed in the "Total Number of Firearms Transferred Section" in Box 29 of the ATF Form 4473 to say "seven." IOI Levesque examined the ATF Form 3310.4 and noted that it appeared to have two different types of ink for the two handguns in question. IOI Levesque testified that he then obtained a list of multiple sales reported to ATF by Licensee from the ATF Violent Crime Analysis Branch. IOI Levesque compared the list of multiple sales he received from the ATF Violent Crime Analysis Branch to the ATF Form 3310.4 provided by Licensee, and noted the two firearms at issue were not reported to ATF by Licensee at the time of the sale of other firearms to          . IOI Levesque explained that it was "highly suspect" that the two firearms at issue were not reported to ATF because Licensee had timely reported the sale of the other firearms to              on the date of the sale.

IOI Levesque testified that he then contacted           , who stated that he did not purchase the two firearms at issue from Licensee.            explained that he did not even know what a Glock 40 was in terms of caliber, and that he would never purchase a firearm that he was not familiar with. Through his investigation, IOI Levesque determined that one of

the firearms at issue was actually transferred to another Federal firearms licensee in Indiana. IOI Levesque was unable to determine what happened to the other firearm. As a result, Licensee ultimately reported the firearm as being lost or stolen. The evidence demonstrated that the two firearms at issue were never actually transferred to       as indicated on the ATF Form 4473 and ATF Form 3310.4.

IOI Levesque's testimony established that Licensee's failures to failed to comply with 18 U.S.C. § 922(m) and 27 C.F.R. § 478.128(c) were willful because Licensee was aware of the requirements in the law and regulation. During previous inspections, Licensee acknowledged the applicable Federal firearms regulations for licensees, including 27 C.F.R. § 478.128. (See Government Exhibits 9). Further, Licensee was previously cited with violating 27 C.F.R. § 478.128(c) during the 2017 compliance inspection. As a result of the 2017 inspection, Licensee attended a warning conference with ATF in which violations and proposed corrective actions were reviewed. Following the warning conference, ATF sent a letter stating "any future violations, either repeat or otherwise, could be viewed as willful and may result in revocation of his license." (See Government Exhibit 9). IOI Levesque testified that compliance with U.S.C. § 922(m) and 27 C.F.R. § 478.128(c) is important because ATF cannot trace firearms that are involved in a crime if ATF cannot determine where the firearms went. IOI Levesque explained that it affects public safety if ATF cannot trace a firearm. During the hearing, Licensee stated that the employee, John Collins, whose name is listed on the forms is no longer an employee of the business.

## Conclusions of Law

Pursuant to the GCA, ATF may, after notice and opportunity for hearing, revoke a Federal firearms license if Licensee has willfully violated any provision of the GCA or the regulations issued thereunder. 18 U.S.C. § 923(e); 27 C.F.R. §§ 478.73 - 478.74.

For purposes of the regulatory provisions of the GCA, a "willful" violation is committed when a licensee knows of [his/her/its] legal obligations and purposefully disregarded or was plainly indifferent to those requirements. *Armalite v. Lambert*, 544 F.3d 644 (6th Cir. 2008); *Appalachian Resources Development Corporation v. McCabe*. 387 F.3d 461 (6th Cir. 2004).

The Sixth Circuit has held the term "willfully" within the GCA does not require a showing of a bad purpose. *Appalachian*, 387 F.3d at 464 (6th Cir. 2004). Repeated negligence can become recklessness. *Armalite*, 544 F.3rd at 650.

Furthermore, "[a] single willful violation of the GCA is enough to deny a Federal firearms license application or revoke a Federal firearms dealer's license." *Shaffer v. Holder*, No. 1:09-0030, 2010 WL 1408829, at *10 (M.D. Tenn. Mar. 30, 2010) (citing *Appalachian* at 464 (6th Cir.2004).

Additionally, Licensees are legally responsible for the acts of their employees. *Bankston v. Then*, 615 F.3d 1364, 1369 (11th Cir. 2010).

After consideration of all relevant facts and circumstances presented by Licensee and the

Government, I find that Licensee willfully violated the GCA.

During the hearing, Licensee did not dispute ATF's determination that Licensee violated the GCA but disputed that the violations were committed willfully. Owner and responsible person Terry Posey asserted that the violations were "mistakes" and that "the guys probably get in too big of a hurry." When asked how often he conducted a review of the ATF Form 4473s or acquisition and disposition records, he stated "my answer would be not near enough."

Despite Licensee's assertions that the violations were mistakes, I find that there is ample evidence that the violations were committed willfully. During a previous inspection, Licensee acknowledged the applicable Federal firearms regulations for licensees. In 2017, ATF conducted a compliance inspection of Licensee and thoroughly reviewed all cited violations and any proposed corrective actions. ATF memorialized the need for improvement with a warning conference in 2018. In the written follow-up to the warning conference and in the warning letters, Licensee was told that "any future violations, either repeat or otherwise, could be viewed as willful and may result in revocation of his license."

As for the violations, similar violations had been cited during previous inspections. Specifically, Licensee had previously been cited with failure to conduct a background check in compliance with 27 C.F.R. § 478.102, the failure to report multiple sales in violation of 27 C.F.R. § 478.126a and making a false statement with respect to information required to be kept by the GCA in violation of 27 C.F.R. § 478.128(c).

I also find Licensee's history and violations of making false statements in required records to be particularly egregious. As set forth above, Licensee was previously cited with making a false statement in required records in violation of 27 C.F.R. § 478.128(c) after the 2017 compliance inspection. He was again cited with four instances of making false statements in required records in violation of 27 C.F.R. § 478.128(c) during the most recent compliance inspection. Because the violation of 27 C.F.R. § 478.128(c) involves making false statements in required records, willfulness arises from intentional and knowing conduct.

Despite ATF's numerous attempts to educate Licensee, impress upon it the importance of compliance, and instruct on the need for accurate record keeping, Licensee has continued to be indifferent to its legal obligations under the GCA. This resulted in the public safety risks associated with the unlawful transfer of a firearm to a person under the age of twenty-one, the failure to comply with the procedures related to background checks, the failure to report multiple sales, and falsified statements in records. Licensee's history of failing to comply with regulations clearly meets the legal standard for plain indifference of the record keeping requirements necessary to revoke the license. Further, Licensee's history and actions of making false statements in required records meets the legal standard for purposeful disregard of the requirements in the GCA, as it involves intentional conduct.

As such, I conclude that Licensee, by and through its responsible persons, agents, and employees, willfully violated the provisions of the GCA and the regulations issued thereunder. Accordingly, as provided by 18 U.S.C. § 923(e) and 27 C.F.R. § 478.74, the Federal firearms license held by Terry Steven Posey doing business as Posey Gun and Pawn is hereby REVOKED.

Dated this 6th day of January 2023.

_____
Steven A. Kolb
Director, Industry Operations
Nashville Field Division
Bureau of Alcohol, Tobacco, Firearms and Explosives
United States Department of Justice

