UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | | |
|---|---|---|
| TERRY POSEY d/b/a POSEY GUN AND PAWN, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 1:23-CV-00051-JRG-CHS |
| MERRICK GARLAND, Attorney General of the UNITED STATES DEPARTMENT OF JUSTICE, and THE BUREAU OF ALCOHOL, TOBACCO, FIREARMS AND EXPLOSIVES, | ) ) ) ) ) ) | |
| Defendants. | ) | |

## **ORDER**

This matter is before the Court on Plaintiff Terry Posey's Response to Show-Cause Order [Doc. 18], in which Mr. Terry responds to the Court's Show-Cause Order [Doc. 17] requiring him to show good cause for his failure to serve Defendant the Bureau of Alcohol, Tobacco, Firearms, and Explosives within Federal Rule of Civil Procedure 4(m)'s ninety-day deadline. In attempting to show good cause, Mr. Terry provides the Court with documentation showing that he has sent copies of the complaint and summons by certified mail to the Bureau and that the United States Postal Service has delivered them to the Bureau. [USPS Tracking, Docs. 18-1 & 18-2]. Even so, Mr. Terry states that he is not in possession of a return receipt verifying that the Bureau has actually received the complaint and summons, and he has, therefore, not filed proof of service under Federal Rule of Civil Procedure 4(*l*). Having spoken with the USPS, he "believe[s] that institutions that receive a large amount of Certified Mail, such as the Bureau of Alcohol, Tobacco, Firearms, and Explosives, the Internal Revenue Service, etc., often do not return green cards in this manner." [Pl.'s Resp. at 2]. Mr. Terry also provides the Court with an

e-mail from Assistant United States Attorney J. Spencer Fair, who confirms that the Bureau did in fact receive the complaint and summons. [E-mail, Doc. 18-3, at 1].

In light of Mr. Terry's response, the Court's show-cause order [Doc. 17] is hereby **DISCHARGED**. Upon receipt of a sworn affidavit in which Mr. Terry attests to the contents in his response and the exhibits accompanying his response, the Court will consider service of process to be complete as to the Bureau. *See* Fed. R. Civ. P. 4(*l*)(1) ("Unless service is waived, proof of service must be made to the court. Except for service by a United States marshal or deputy marshal, proof *must* be by the server's affidavit." (emphasis added)). Mr. Terry **SHALL** file his affidavit within fourteen days of this Order's date. *See* Fed. R. Civ. P. 4(m) (permitting courts to grant a permissive extension of time for the execution of service upon a plaintiff's showing of good cause). Mr. Terry's failure to comply with this Order will result in the dismissal of his claims against the Bureau without further notice. *See* Fed. R. Civ. P. 4(m).

So ordered.

ENTER:

s/J. RONNIE GREER
UNITED STATES DISTRICT JUDGE
